**In re Michael and Lucille HICKS, Debtors.**

**Bankruptcy No. 89–30736.**

United States Bankruptcy Court,
D. New Jersey.

Sept. 19, 1990.

Ernest R. Costanzo, Bellmawr, N.J., for debtors.

Peter J. Broege, Manasquan, N.J., for trustee.

## MEMORANDUM OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

This opinion shall supplement the record on the Court's determination on June 26, 1990 that Ernest R. Costanzo, Esq., attorney for the debtors, was in contempt of Court for intentionally violating an order as to where to file papers in this case, and for intentionally showing disrespect for the Court in open court on that date.

## FINDINGS OF FACT

On December 26, 1989, Michael and Lucille Hicks, the debtors in this case, filed a joint petition for relief under chapter 13 of Title 11, United States Code ("the Bankruptcy Code"). A chapter 13 statement, plan and summary were not filed within fifteen days of the date on which the petition was filed as required by Bankruptcy Rules 1007(b)(2), 1007(c) and 3015. On May 31, 1990 the Court issued a *sua sponte* order to show cause why the case should not be dismissed for failure to file those documents. The order to show cause was returnable on June 26, 1990 at 11:00 a.m. Mr. Costanzo was served with the order to show cause by mail on June 1, 1990.

At a hearing prior to June 26th in another chapter 13 case on another order to show cause to dismiss for the same reasons, Mr. Costanzo stated that the missing documents in that case had been filed in the Bankruptcy Court Clerk's office in Camden some time ago. The Court directed Mr. Costanzo to cease the practice of filing papers in Camden for bankruptcy cases assigned to Trenton, noting that the practice places an unnecessary burden on the Clerk's office and tends to cause delay and confusion in administration of cases.

On the June 26th return date of the order to show cause to dismiss this case, Mr. Costanzo stated that the documents in question had been filed. On the basis of that representation, the order to show cause was vacated. Mr. Costanzo then volunteered the additional information that in spite of my order that he cease the practice, he had filed an order in this case in the Bankruptcy Court Clerk's office in Camden. The following exchange then took place:

MR. COSTANZO: They have been filed, yes, your Honor. That's correct. Mr. and Mrs. Hicks signed. There's one other issue, but after your Honor addresses these, I'd like to address one other issue, your Honor.

THE COURT: Well, what is it?

MR. COSTANZO: If your Honor has anything to add?

THE COURT: Well, if what you're about to tell me relates to this, then I'd like to know it first.

MR. COSTANZO: Yes, it does. Your Honor, again, going back to the issue that we discussed last Monday.

THE COURT: Which one?

MR. COSTANZO: The issue resolved—regarding the filing in Camden.

THE COURT: Right.

MR. COSTANZO: Your Honor wanted an order extending the stay until today, which again is filed with your Clerk's office. In order to get a clarification of this issue—

THE COURT: What issue?

MR. COSTANZO: The issue of filing in Camden that you said should not be done with Trenton cases, what I did in order to try to get a resolution of this. I filed it in Camden and I hand delivered it here waiting your Honor's enforcement order so that I can appeal this. I would like to get a clarification of this, your Honor.

THE COURT: Great. I'll be delighted to have you do that, Mr. Costanzo.

MR. COSTANZO: Fine, your Honor. That's the only other—

THE COURT: Now what is it specifically that you want to appeal, my instruction

that you must file something for this vicinage in this courthouse?

MR. COSTANZO: Correct. That's correct.

THE COURT: Okay.

MR. COSTANZO: It is my—may I set my position for the record with your Honor's permission?

THE COURT: Sure, go ahead.

MR. COSTANZO: It is my understanding New Jersey being one Federal District, all these papers should be able to be filed in Newark, Trenton or Camden for any case at the lawyer's convenience.

THE COURT: At the lawyer's convenience.

MR. COSTANZO: That's my understanding, your Honor. That would be my position, sir.

THE COURT: All right. Well, okay, that would be your position.

MR. COSTANZO: Yes, sir.

THE COURT: Well my position is that the Clerk's office is not a messenger service for lawyers and that it causes considerable and frequent confusion and delay when papers are filed in one office for the benefit or for ultimate delivery to another office. It inconveniences the Court. It tends to inconvenience other interested parties because the papers are not often presented on time and for that reason I have instructed you and everyone else who I have found to engage in this practice to cease and desist filing papers in one office for another. And it will therefore be so ordered and it is so ordered pursuant to Code Section 105. Now—

MR. COSTANZO: Your Honor, as again—

THE COURT: —that will be a standing order to you in this and every other case. So be guided accordingly.

MR. COSTANZO: Well, your Honor, because I did do this in order to test this issue, I would appreciate some enforcement order because I did file that specifically in Camden for this issue, your Honor.

THE COURT: You would appreciate an enforcement order? What are you telling me?

MR. COSTANZO: Well, I would—I would expect some fine or some contempt order, your Honor, to issue in order to enforce that because I did specifically file that in Camden yesterday.

THE COURT: Oh, I see. So your—in other words when I—

MR. COSTANZO: In other words, I have to have something to appeal from, your Honor.

THE COURT: When I ordered you on June—what was that, June 18th?

MR. COSTANZO: That's correct.

THE COURT: I told you not to file papers in Camden any more in this case.

MR. COSTANZO: That's correct. Now yesterday—

THE COURT: And you filed the papers in Camden?

MR. COSTANZO: I filed the stay order that you requested, yeah.

THE COURT: And you did that knowingly and intentionally?

MR. COSTANZO: Correct.

THE COURT: And you did that with the intention of violating my order?

MR. COSTANZO: That's correct.

THE COURT: All right. That being the case, I find you in contempt of court and I will fine you the sum of $1,000 which you are to pay to the Clerk of the Bankruptcy Court within 10 days. And you will submit an order to that effect.

MR. COSTANZO: Certainly, your Honor. Thank you, sir.

The above statements by Mr. Costanzo left no doubt that he was in contempt of court, and the Court ruled accordingly. He admitted violating an order of the Court, offering as justification his purported belief that he should be able to file papers in any of the three federal courthouses for a case assigned to another courthouse at his convenience. He invited the finding that he was in contempt, stating that he "would expect some fine or some contempt order."

Mr. Costanzo's statements in open court, together with his intentional violation of an

order to cease filing papers in an office where a case is not being administered, constituted direct and flagrant contempt of Court. Because his actions and attitude showed unmistakable disrespect for the Court and defiance of its authority, the Court fined Mr. Costanzo the sum of one thousand dollars and directed that he pay it to the Court Clerk. Mr. Costanzo was further directed to submit an order to that effect.

It has now been almost three months since the hearing in question. In spite of the fact that his stated purpose was to obtain an order that he could appeal regarding the Court's authority to direct an attorney as to where to file papers, Mr. Costanzo has not submitted any order. The Court has therefore prepared an order, which accompanies this opinion.

### CONCLUSIONS OF LAW

Bankruptcy Code § 105(a) states:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

For the reasons stated on the record on June 26, 1990, it is appropriate for the carrying out of the provisions of the Bankruptcy Code to require the filing of papers in the clerk's office in the courthouse where a case has been assigned. There may be occasions where some emergency justifies a deviation from this rule. However, in view of the abundance of messenger services available at nominal cost, such occasions will be rare at best. Moreover, no argument based on emergency was made here. Mr. Costanzo merely argued that he should be able to file papers where he sees fit at his convenience. The Court concludes that its direction to Mr. Costanzo to file papers in this courthouse for cases

assigned here was within the authority granted by Code § 105(a).

As far as the issue of contempt is concerned, Bankruptcy Rule 9020(a) states that contempt committed in the presence of a bankruptcy judge may be determined summarily by a bankruptcy judge. Such determinations are within the authority granted to bankruptcy judges under Code § 105(a). *In re Grosse,* 96 B.R. 29, 32 (E.D.Pa.1989), *aff'd sub nom. Dubin v. Jakobowski,* 879 F.2d 856 (3d Cir.1989), *cert. denied sub nom. Jakobowski v. Dubin,* —— U.S. ——, 110 S.Ct. 501, 107 L.Ed.2d 504 (1989); *In re Atlantic Business and Community Corp.,* 901 F.2d 325 (3d Cir.1990); *In re Walters,* 868 F.2d 665 (4th Cir.1989). Mr. Costanzo's statements at the hearing on June 26, 1990 constitute contempt committed in the presence of the Court, which can and will be determined summarily.

An order accompanies this opinion.

### ORDER DETERMINING ERNEST R. COSTANZO, ESQ. IN CONTEMPT OF COURT

For the reasons stated on the record on June 26, 1990 and in the Court's memorandum opinion of September 19, 1990,

IT IS on this 19th day of September, 1990 ORDERED and ADJUDGED as follows:

1. Ernest R. Costanzo, Esq. is in contempt of Court.

2. Ernest R. Costanzo, Esq. is fined the sum of $1,000., which shall be paid to the Clerk of the Bankruptcy Court in Trenton, New Jersey within 20 days of the date of this order.