In re Wayne D. SHUMA and Amelio Gallo, d/b/a Plaza Vending Co.; and Plaza Vending Family Fun & Games, Debtors.

Bankruptcy Nos. 84–1820–BM, 83–0889–BM.

Motion Nos. 90–0780M, 90–0824M and 90–7633M.

United States Bankruptcy Court, W.D. Pennsylvania.

March 14, 1991.

Allen N. Brunwasser, Pittsburgh, Pa., for debtors.

K. Lawrence Kemp, Kemp and Kemp, New Kensington, Pa., Trustee.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Several motions by the trustee are before the court at this time.

The trustee has brought a motion, at 90–0824M, for sanctions pursuant to Bankruptcy Rule 9011 against Allen Brunwasser, counsel for debtors in the above-captioned bankruptcy cases. The trustee alleges that a motion to recuse this member of the court and a motion to remove the trustee and counsel to the trustee were neither well-grounded in fact nor supported by existing law or a good-faith argument for its extension, modification, or reversal. The motion will be granted. Attorney Brunwasser will be required to pay $375.00 to the trustee as compensation for legal fees incurred in responding to said motions. In addition, this court will bring this matter to the attention of the U.S. District Court for possible disciplinary proceedings against attorney Brunwasser because of the outrageous conduct described below.

The trustee also has brought a motion, at No. 90–0780M, to require attorney Brunwasser to file with the Bankruptcy Court a statement providing all information required by 11 U.S.C. § 329(a) and Bankruptcy Rules 219 and 2016. Said motion will be granted.

Finally, the trustee has filed a motion, at No. 90–7633M, to hold Wayne Shuma and Amelio Gallo, general partners of debtors Plaza Vending Company and Plaza Vending Family Fun & Games, in contempt for refusing to comply with an order of court issued on December 5, 1989 directing them to file statements of their personal assets and liabilities. The trustee's motion will be granted. Shuma and Gallo will be fined $200.00 for each day that they fail to comply with the order of December 5, 1989. In addition, if they have failed to comply by April 15, 1991, this court will direct that Shuma and Gallo be taken into custody by the United States Marshal and incarcerated until this court determines that they are in compliance with said order.

## I

### FACTUAL BACKGROUND

Resolution of the above matters will be facilitated if the proceedings in the Bankruptcy Court and the numerous abortive appeals to appellate courts are painstakingly recounted.

An involuntary Chapter 7 petition was brought on April 13, 1983, against Wayne D. Shuma and Amelio Gallo, doing business as Plaza Vending Company, at Bankruptcy No. 83–0889. The alleged debtors filed a

motion to dismiss the involuntary petition on May 2, 1983.

An involuntary Chapter 7 petition was brought on August 30, 1984, against Plaza Vending Family Fun & Games at Bankruptcy No. 84–1820. The alleged debtor brought a motion to dismiss the involuntary petition on September 19, 1984.

The two cases were consolidated by order of court on October 24, 1984. No appeal of this order was taken by debtors.

An Order For Relief under Chapter 7 of the Bankruptcy Code was entered after notice and hearing on May 29, 1985. Debtors then filed an appeal of this order with the District Court at C.A. No. 86–514 on June 6, 1985. The appeal was dismissed by the Honorable Maurice B. Cohill, Jr., on July 2, 1986 because debtors had failed to comply with Bankruptcy Rule 8006 and because "... Appellant's *dilatory conduct* is likely to cause substantial prejudice to its creditors ..." (emphasis added). Debtors' motion for reconsideration was denied by the District Court on July 30, 1986. Debtors then appealed to the United States Court of Appeals for the Third Circuit. Their appeal was dismissed on November 12, 1986 because debtors, as appellants, had failed to order a transcript of the hearing relating to the Order for Relief held by the Bankruptcy Court on May 28, 1985.

A Chapter 7 trustee was appointed on May 29, 1985. Counsel to the Chapter 7 trustee was appointed on April 12, 1986.

Debtors had refused and/or failed to file the required schedules and statements of financial affairs. Consequently, debtors were ordered on February 2, 1987 to file these documents no later than February 17, 1987. Debtors filed an appeal of this order with the District Court at C.A. No. 89–1525 on February 24, 1989. On July 14, 1989, the trustee filed a motion in the District Court to quash or dismiss the appeal and to hold Shuma and Gallo in contempt. The appeal was dismissed by the Honorable Glenn Mencer on July 26, 1989 because debtors had failed to comply with Bankruptcy Rule 8006. The trustee's motion to hold Shuma and Gallo in contempt was denied by the District Court because it was:

... of the view that the determination of whether or not the debtors should be held in contempt for failing to file a Statement of Financial Affairs and Schedules as required by Judge Markovitz's Order of February 2, 1987 is a matter within the province and jurisdiction of the Bankruptcy Court.

On August 1, 1989, the District Court entered an order ratifying the order of July 26, 1989 and declaring that said order should "remain in full force and effect". No further appeal of this matter was taken by debtors.

Debtors have not complied with the order of February 2, 1987 and to date have not filed the required documents.

On August 11, 1989, debtors filed a motion to vacate the above orders appointing a trustee and counsel to the trustee. Their motion was denied on September 19, 1989 when they failed to attend a scheduled hearing on the matter. Debtors then filed a Motion For Panel Review pursuant to Bankruptcy Rule 8011(e) of the denial of said motion. This motion was also denied on October 3, 1989. Debtors persisted and filed a motion on October 12, 1989, for Reconsideration and For Investigation Of Office Procedures. This motion was denied on October 13, 1989.

Debtors thereupon filed their third appeal in these cases. On January 25, 1990, they filed a notice of appeal to the District Court at C.A. No. 90–154. Debtors appealed from: (1) the order of September 19, 1989, which denied their motion to vacate orders appointing the trustee and counsel to the trustee; (2) the order of October 3, 1989, which denied their Motion for Panel Review pursuant to Bankruptcy Rule 8011(e); and (3) the order of October 13, 1989 denying the Motion for Reconsideration and for Investigation of Office Procedures. This appeal suffered the same fate as the two previous appeals. It was dismissed on November 5, 1990 by the Honorable Donald Ziegler because Debtors had failed to comply with Bankruptcy Rule 8009. Debtors did not appeal this matter further.

On November 7, 1989, the trustee filed a motion to compel Shuma and Gallo, as gen-

672

eral partners of the two debtors, to file with the court statements of their *personal* assets and liabilities. The motion was granted on December 5, 1989. Shuma and Gallo to date have not complied with this order. Debtors thereupon filed their fourth appeal pertaining to these bankruptcy cases. On January 23, 1990, debtors filed a notice of appeal to the District Court at C.A. No. 90–135, wherein they appealed the order of December 5, 1989. The appeal was dismissed by the Honorable Gustave Diamond on May 21, 1990 because debtors, as appellants, had failed to comply with Bankruptcy Rule 8009. No further appeal of this matter was taken.

Also on November 7, 1989, the trustee filed a motion to remove Brunwasser as counsel to debtors and for disgorgement of any fees paid to him by debtors. The motion was granted on January 24, 1990.

On December 4, 1989, debtors filed a motion to recuse this writer, the successor bankruptcy judge to whom these bankruptcy cases have been assigned. Debtors alleged that he had a "personal hostility against" their counsel. This motion was denied on January 24, 1990.

On December 5, 1989, debtors filed a second motion to remove the trustee and counsel for the trustee from these cases. Debtors alleged that they should be removed because they had become advocates for the bankruptcy judge by opposing debtors' recusal motion filed the previous day. This motion was also denied on January 24, 1990.

On February 5, 1990, debtors filed a motion to reconsider and/or to vacate the order of January 24, 1990. The motion was denied on February 8, 1990. The court stated in its order that said motion had been filed by debtors in an obvious attempt to delay justice.

Also on February 5, 1990, debtors filed a motion to reopen the proceeding conducted on May 28, 1985, which resulted in the Order for Relief issued on May 29, 1985. This motion was also denied on February 8, 1990. The court stated in its order that it had been filed in an obvious attempt to delay justice.

Debtors filed yet a third motion on February 5, 1990, in which they once again sought the recusal of this writer on grounds that a Memorandum Opinion issued on January 24, 1990 indicated bias against their counsel. As was the case with the other two (2) motions filed on February 5, 1990, this motion was denied on February 8, 1990. This court stated in its order that the motion had been brought in bad faith.

On March 13, 1990, debtors filed a fifth appeal in the District Court at C.A. No. 90–439. They appealed every order issued after December 24, 1989. Specifically, they appealed from the Order of January 24, 1990 which: (1) directed Shuma and Gallo to file statements of their *personal* assets and liabilities; (2) removed Brunwasser as counsel to debtors and directed him to disgorge all counsel fees; and (3) denied debtors' first motion to recuse the bankruptcy judge. They also appealed the several orders of February 8, 1990 which: (1) denied their motion to reconsider and/or to vacate the Order of January 24, 1990; (2) denied their motion to reopen the May 28, 1985 proceeding; and (3) denied their second motion to recuse the bankruptcy judge. This fifth appeal met with the same fate as the four previous appeals: it was dismissed by the Honorable Donald Ziegler on November 6, 1990 because debtors, as appellants, had failed to comply with Bankruptcy Rule 8009. No further appeal was taken with regard to these matters.

This detailed recounting of the history of these bankruptcy cases may be summarized as follows: debtors have appealed every order which has been entered against them. All five (5) appeals have been dismissed because debtors have failed to perfect these appeals. No schedules or statements have been filed and no § 341 Meeting of Creditors has been held in cases which are more than seven and six years old, respectively.

## II

### MOTION FOR RULE 9011 SANCTIONS AGAINST BRUNWASSER

On December 4, 1989, debtors filed a motion to recuse this member of the court.

Debtors alleged that this member of the court had a "personal hostility against" their counsel. Attorney Brunwasser alleged in an unsworn supporting affidavit that many years ago while he was still a practicing attorney, this member of the court had lost his temper with Brunwasser when they were opposing counsel. It was further alleged that this member of the court had also had *ex parte* contacts with the trustee and had advised him as to how to proceed in these bankruptcy cases.

The trustee promptly responded to the motion to recuse by denying certain allegations of fact and asked that the motion be denied.

On December 5, 1989, debtors filed a motion to remove the trustee and counsel to the trustee. The sole basis for their removal was that the trustee and counsel to the trustee had "become advocates for the Judge" by responding to their recusal motion.

Both the motion to recuse and the motion to remove the trustee and counsel to the trustee had been signed by attorney Brunwasser in his capacity as debtors' counsel.

On December 27, 1989, a hearing was held on the motions. Debtors' counsel appeared and was granted the opportunity to present whatever he deemed appropriate in support of the motions. Aside from a rambling colloquoy containing vague allegations of an incident, no evidence of bias was offered. No appropriate reference of *ex parte* communications was offered as no basis existed for the allegation.

Both motions were denied on January 24, 1990. A Memorandum Opinion in support of the denials was also issued at that time.

On February 1, 1990, approximately one week later, the trustee filed the present motion for Rule 9011 sanctions. The trustee contends that neither motion was well-grounded in fact or supported by existing law or a good-faith extension, modification or reversal thereof. The trustee seeks an order of court directing Brunwasser to pay counsel fees of $375.00 and an unspecified fine made payable to the Clerk of the Bankruptcy Court.

Bankruptcy Rule 9011 provides in pertinent part as follows:

*(a) Signature.* Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney,.... shall be signed by at least one attorney of record in the attorney's individual name.... The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation.... If a document is signed in violation of this rule, the court on motion or its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Bankruptcy Rule 9011 is patterned after FED.R.CIV.P. 11. *In re Tarasi & Tighe*, 88 B.R. 706, 710 (Bankr.W.D.Pa. 1988). Courts considering the imposition of sanctions pursuant to Rule 9011 may rely on cases involving Rule 11 sanctions. *In re Lewis*, 79 B.R. 893, 895 (9th Cir.BAP 1987).

Rule 11 is designed to discourage pleadings that are "frivolous, legally unreasonable, or without factual foundation ...". *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 157 (3rd Cir.1986) (*citing Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir.1986).)

Subjective good faith no longer provides the "safe harbor" it once did. *Id.* (*citing Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 253 (2nd Cir.1985), *cert. denied*, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987). The test

is an objective one of reasonableness. *Id.* (*citing Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 540 (3rd Cir.1985).)

The required certification by counsel constitutes a warrant that the pleading is not being used for some improper purpose, such as to cause harassment, undue delay, or needless increase in the cost of litigation. The test for this matter also is an objective one. *Id.*

■ Imposition of sanctions is mandatory, not discretionary, when Rule 9011 has been violated. *In re Chisum*, 847 F.2d 597, 599 (9th Cir.1988). A bankruptcy court has jurisdiction to impose sanctions under Rule 9011, even though it is not an Article III Court. *In re Arkansas Communities, Inc.*, 827 F.2d 1219, 1221–22 (8th Cir.1987).

■ The use of the word "shall" in the Rule is meant to overcome the reluctance of trial judges to impose sanctions against errant counsel and parties. *Lieb*, 788 F.2d at 157. Rule 9011 does, however, grant trial judges broad discretion to determine what type of sanction is to be imposed. The Rule avoids placing explicit limitations on the kinds of sanctions that may be imposed. They only need be "appropriate". *Id.* Sanctions, obviously, must be tailored to suit the facts of a particular case. *Id.* (*citing Davis v. Veslan Enterprises*, 765 F.2d 494 (5th Cir.1985).)

■ Although a subjective test is not to be employed in determining initially whether sanctions should be imposed, it may be relevant in determining the appropriate sanction. *Id.*

■ The primary purpose of Rule 11 is to deter abuses of the judicial process. *Doering v. Union County Board of Chosen Freeholders*, 857 F.2d 191, 194 (3rd Cir.1988). Sanctions that deter are necessary to vindicate the court's authority, to remind those who need reminding of the protocol, and to ensure orderliness in the judicial process. *Anderson v. Beatrice Foods Co.*, 900 F.2d 388, 394 (1st Cir.1990).

■ A particular sanction is "appropriate" when it is the *minimum* that will serve to *adequately* deter the undesirable behavior. *Doering*, 857 F.2d at 194. The *least severe* sanction adequate to effect this primary purpose should be imposed. *Id.*

■ As the language of the Rule states, counsel fees and expenses may be an appropriate sanction. The starting point for determining the amount of attorneys' fees is the lodestar calculation, which is the product of the number of hours reasonably spent in responding to the motion multiplied by an hourly fee based on the prevailing market rate. *Doering*, 857 F.2d at 195.

■ The trustee's motion for sanctions under Rule 11 will be granted. The motions to recuse this member of the court and to remove the trustee and his counsel are in violation of Rule 9011.

As has been indicated, a hearing was conducted on debtors' two motions on December 27, 1989. Debtors, through their counsel, were accorded the opportunity to present whatever they felt supported their motions. To nobody's astonishment, no evidence was presented in support of the allegations in the recusal motion. Counsel for debtors merely ranted and fulminated. The motion to remove the trustee and counsel to the trustee also was frivolous in that it was unsupported by existing law or any good-faith extension, modification, or reversal thereof.

Not only were these motions wholly frivolous, they were brought in bad faith.

Both bankruptcy petitions were involuntary. It safely may be inferred from the record that debtors do not wish to be before this court. On February 5, 1990, debtors filed a motion in this court to reopen the proceeding held on May 28, 1985, which resulted in the entry of an Order for Relief on May 29, 1985. Debtors then appealed the denial of their motion, which appeal ultimately was dismissed by the District Court at C.A. No. 86–514 on July 30, 1986. Their appeal of this dismissal in turn was

dismissed by the Third Circuit Court of Appeals on November 12, 1986.

Counsel to debtors has done everything in his power to make debtors' wish a reality and has engaged in a calculated campaign to obfuscate, to harass, and to delay or prevent the orderly disposition of these bankruptcy cases.

The above recounting of the tortured history of these cases amply supports such an inference.

Counsel to debtors has appealed every order adverse to debtors which this court has entered. In all, counsel has filed five (5) appeals to the District Court and one (1) appeal to the Court of Appeals. All of these appeals have been dismissed because counsel failed to comply with the rules pertaining to perfecting such appeals.

Moreover, debtors and their counsel have refused to obey several orders of this court even though they are binding and no longer appealable. For instance, debtors have not complied with the order of February 2, 1987 directing them to file the required schedules and statements by February 17, 1987. Debtors Shuma and Gallo, general partners of Plaza Vending Company and Plaza Vending, also have not complied with the order of November 7, 1989 directing them to file statements of their personal assets and liabilities. In addition, counsel for debtors has failed to comply with the order of November 7, 1989 removing him as counsel to debtors and directing him to disgorge all fees paid to him.

The two motions which underlie the trustee's motion for Rule 9011 sanctions themselves also evidence the bad-faith intent of debtors and their counsel. For instance, debtors previously had filed a motion on August 11, 1989 to vacate the appointment of the trustee and counsel to the trustee. Their motion was denied on September 19, 1989 when they and their counsel failed to appear at the scheduled hearing on the matter. Debtors' subsequent motions to reconsider and for panel review of the denial pursuant to Bankruptcy Rule 8011(e) also were subsequently denied on October 3, 1989 and October 13, 1985, respectively. In a display of perseverance and obduracy rarely, if ever, encountered by this court, debtors shortly thereafter filed the second motion to remove the trustee and his counsel.

The motion to recuse this member of the court also evidences a similar bad-faith intent. Unlike the motion to remove the trustee and his counsel, the motion to recuse this writer, filed on December 4, 1989 was only the first salvo in this particular skirmish. Approximately two (2) months later, on February 5, 1990, debtors filed a *second* recusal motion in which they took umbrage at the Memorandum Opinion of January 24, 1990 which accompanied the denial of their first recusal motion and alleged that said Opinion indicated bias against their counsel. This court expressly found in the order of February 8, 1990, which denied their second recusal motion, that it had been filed in bad faith.

Sanctions against debtors' counsel are in order for violating Rule 9011. At the very least, a monetary sanction is appropriate. Counsel for debtors will be required to pay the legal fees incurred by the trustee in responding to these two frivolous, bad-faith motions. Counsel to the trustee has expended three (3) hours in responding to these motions. The court finds that this is a reasonable amount of time and finds that $125.00 per hour is a reasonable hourly rate for that time. Consequently, debtors' counsel will be required to pay $375.00 to counsel for the trustee as a sanction for his willful violation of Rule 9011.

A mere monetary sanction, although clearly appropriate in this instance, just as clearly is inadequate. Considering the sordid history of these bankruptcy cases and the fact that debtors' counsel adamantly refuses to cease representing debtors, a monetary sanction, by itself, would not be adequate to deter debtors' counsel from further delaying these cases. The first bankruptcy case was commenced nearly eight (8) years ago and the second case over six (6) years ago. Virtually no progress has been made in either case due to the obstructionist tactics of debtors' counsel. Both World War I and World

War II were brought to definitive conclusions in less time.

Imposing a mere monetary sanction in this instance would be tantamount to wielding a cardboard sword when a dragon looms ahead. *Anderson,* 900 F.2d at 395. Something in addition to a mere monetary sanction is required to vindicate the court's authority and to ensure orderliness in the judicial process.

Depending on the circumstances, referral to a disciplinary board may be an appropriate sanction. *Lieb,* 788 F.2d at 158. This court is convinced that debtors' counsel should be subjected to disciplinary action for professional conduct in violation of Disciplinary Rules 1–102, 7–102, and 7–106. The misconduct of debtors' counsel has been egregious and willful. Attorney Brunwasser, by his actions, has made a mockery of the Bankruptcy Code and has caused untold harm to debtors' creditors. Moreover, he has committed an affront to the legal system as a whole. Such behavior, were it widespread, would undermine our system of law. It is this court's opinion that attorneys who willfully engage, as attorney Brunwasser undoubtedly has, in such behavior as a matter of policy should not be permitted to practice in the courts.

Local Rule 22 of the U.S. District Court for the Western District of Pennsylvania specifies that possible disciplinary action against an attorney for conduct in violation of the Code of Professional Responsibility is a matter for the district court. The local rules of the Bankruptcy Court do not include a similar provision. Since this court apparently lacks authority to initiate a disciplinary proceeding against debtors' counsel, the matter will be brought to the attention of the U.S. District Court for whatever action it deems appropriate.

### III

### MOTION TO REQUIRE BRUNWASSER TO FILE STATEMENT OF ATTORNEY'S FEES

 Attorney Brunwasser entered his appearance on behalf of debtors at Bankruptcy Case No. 83–889 on May 2, 1983. He entered his appearance at Bankruptcy Case No. 84–1820 on September 19, 1984.

11 U.S.C. § 329, which was in effect at the time both cases were commenced, provides in pertinent part as follows:

(a) Any attorney representing a debtor under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid if such payment or agreement was made after one year before the date of the filing of the petition if for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation....

Bankruptcy Rule 219, which was in effect when Bankruptcy No. 83–889 was filed, provided in relevant part as follows:

(b) *Disclosure of Compensation Paid or Promised to Attorney for Bankrupt.* Every attorney for a bankrupt, whether or not he applies for compensation, shall file with the court on or before the first date set for the first meeting of creditors, or at such other time as the court may direct, a statement setting forth the compensation paid or promised him for the services rendered or to be rendered in connection with the case, the source of the compensation so paid or promised, and whether the attorney has shared or agreed to share such compensation with any other person....

In essence, Rule 219 required that the disclosure be made on or before the first creditors' meeting, unless the court orders that it be made at some other time.

Bankruptcy Rule 219 was replaced by Bankruptcy Rule 2016 as of August 1, 1983. The latter Rule applies to Bankruptcy No. 83–1820, which was commenced on August 30, 1984. It provides in relevant part as follows:

(b) *Disclosure of Compensation Paid or Promised to Attorney for Debtor.* Every attorney for a debtor, whether or not the attorney applies for compensation, shall file with the court within 15 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared

or agreed to share the compensation with any other entity. The statement shall include the particulars of any such sharing or agreement to share by the attorney ... A supplemental statement shall be filed within 15 days after any payment or agreement not previously disclosed.

Bankruptcy Rule 2016 contains two salient differences from Bankruptcy Rule 219. First, the disclosure is to be filed within 15 days of the Order for Relief rather than on or before the first § 341 meeting. Second, a supplemental statement is to be filed within 15 days when appropriate.

Bankruptcy Rules 219 and 2016 are alike in one unmistakeable respect: both *mandate* the filing of such statements by debtor's counsel. Attorney Brunwasser has failed (or refused) to file such statements even though these cases are over six (6) years old.

The trustee's motion to compel attorney Brunwasser to file a statement providing all information required by 11 U.S.C. § 329(a) and Bankruptcy Rules 219 and 2016 will be granted. Said statement shall be filed with the Clerk of Court within ten (10) days.

## IV

## MOTION TO HOLD SHUMA AND GALLO IN CONTEMPT

As has been indicated, Shuma and Gallo still have not complied with the Order of December 5, 1989 which directed them, as general partners of Debtor Plaza Vending, to file personal statements of assets and liabilities.

Trustee seeks to have Shuma and Gallo held in contempt for failing to comply with said order and asks that a monetary fine be imposed. It would appear that trustee here is seeking *civil,* rather than *criminal* contempt. The proposed sanction—i.e., a monetary penalty—seems designed to coerce Shuma and Gallo into compliance. *Latrobe Steel Co. v. U.S.W.A.,* 545 F.2d 1336, 1343 (3rd Cir.1976).

Shuma and Gallo have raised several objections to trustee's motions, most of which are frivolous. (Their Response rambles and at times is virtually incoherent.)

1. Shuma and Gallo note that on July 26, 1989, Judge Mencer had denied a previous motion by trustee to hold them in contempt for failing to comply with the order of December 5, 1989. They contend that trustee's present contempt motion is barred by *res judicata* and/or collateral estoppel (¶ 14).

This contention is totally unfounded. Judge Mencer stated in his order that the issue of contempt "... is a matter within the province and jurisdiction of the Bankruptcy Court". Denial of the motion was without prejudice. Moreover, it appears that Judge Mencer contemplated that *this* court would rule on the motion.

2. Shuma and Gallo object (¶ 9.A) that this court had no jurisdiction to order them to file such statements because they no longer are in the arcade business and because postpetition assets are not part of the bankruptcy estate.

The point of this objection is not obvious. Shuma and Gallo apparently are challenging the order of December 5, 1989, which directed them to file personal statements of assets and liabilities. This matter was (or should have been) raised in the appeal at C.A. No. 90–439, which appeal was dismissed by Judge Ziegler on November 6, 1990. The order of December 5, 1989 remains a valid, enforceable order.

3. Shuma and Gallo argue that the Order For Relief entered on May 29, 1985 by the Honorable Gerald K. Gibson was erroneous and that they were illegally declared to be bankrupt (¶ 9.B).

The Order for Relief was appealed at C.A. No. 86–514, which appeal was dismissed by Judge Cohill on November 14, 1986. Said Order for Relief remains a valid, enforceable Order.

4. Shuma and Gallo also "incorporate by reference" their two prior motions of December 4, 1989 and February 5, 1990 in which they sought the recusal of this bankruptcy judge (¶¶ 15 and 18). They request an evidentiary hearing before a District Court judge at which the bankruptcy judge will be called to testify. Shuma and Gallo apparently are claiming that this writer cannot hear this motion for contempt (or

any other matters pertaining to these bankruptcy cases) because of his bias against their counsel, Allen Brunwasser.

These recusal motions were denied by this court on January 24, 1990 and February 8, 1990, respectively. Their denial was appealed at C.A. No. 90–439, which appeal was dismissed by Judge Ziegler on November 6, 1990. The order denying recusal remains a valid, enforceable order.

5. Shuma and Gallo aver through unsubstantiated argument of counsel that a fire occurred at some undesignated time and place which destroyed undesignated records making compliance impossible. No corroborating documentation was offered supporting this position. This argument is rejected as lacking credibility.

6. Shuma and Gallo further argue that this court lacks the power to hold them in contempt.

■■■ This court is vested with authority, pursuant to 11 U.S.C. § 105(a), to hold a person in civil contempt. *In re Stephen Grosse, P.C.*, 84 B.R. 377, 385–86 (Bankr.E.D.Pa.1988), *aff'd*, 96 B.R. 29 (E.D. Pa.), *aff'd*, 879 F.2d 857 (3rd Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 501, 107 L.Ed.2d 504 (1989). Moreover, this statutory delegation of the contempt power to the Bankruptcy Court is constitutional. *Id.* at 387–88. The determination of whether a person is in contempt of an order of the Bankruptcy Court does not involve private rights under nonbankruptcy law and thus is permissible even under the plurality opinion in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). *In re Walters*, 868 F.2d 665, 670 (4th Cir. 1989).

■■■ In order for a person to be held in civil contempt, a court must determine that: (1) the person violated a specific and definite court order; and (2) the person had knowledge of the order sufficient to put him on notice of the proscribed conduct. *In re Wagner*, 74 B.R. 898, 902 (Bankr.E. D.Pa.1987). Both of these requirements unquestionably are satisfied in this instance. Shuma and Gallo were aware of the Order of December 5, 1989 directing them to file statements of their personal assets and liabilities, as is evidenced by their appeal of said order to the District Court on January 23, 1990 at C.A. No. 90–135. Also, as has been noted, to this day they refuse to comply with the order[1] even though it is final and no longer appealable.

■■■ A court may, upon a finding of civil contempt, impose a fine or *in terrorem* damages in order to coerce compliance with its orders. It also may award compensatory damages to the aggrieved party for any actual loss suffered as well as attorney's fees and costs. *McDonald's Corp. v. Victory Investments*, 727 F.2d 82, 87 (3rd Cir.1984). The principal element of a coercive fine is to provide a disincentive to a party for persisting in its refusal or failure to comply with an order of court.

Coercive sanctions:

... look to the future and are designed to aid the plaintiff by bringing a defiant party into compliance with the court order or by assuring that a potentially contumacious party adheres to an injunction *by setting forth in advance the penalties the court will impose* if the party deviates from the path of obedience (emphasis added).

*Latrobe Steel Co. v. United Steelworkers*, 545 F.2d 1336, 1344 (3rd Cir.1976).

■■■ Shuma and Gallo will have until March 25, 1991, to comply with the Order of December 5, 1989. For every day thereafter that they fail to comply, *each of them* will be required to pay a fine of $200.00 to the Clerk of Court for the U.S. Bankruptcy Court.

Considering the contumacious and dilatory conduct of Shuma and Gallo, it is questionable whether a mere monetary fine will be adequate to coerce them into complying with the Order of December 5, 1989. Any documents submitted by them in ostensible compliance with said order will be exam-

---

1. Counsel to the trustee expressed a desire at the hearing on this matter to call Shuma and Gallo as sworn witnesses to testify concerning their personal assets and liabilities. Counsel to debtors, as well as Shuma and Gallo, stated to the court that Shuma and Gallo would *refuse* to answer such questions if called to testify.

ined promptly by the court and the trustee to determine whether they really have complied. In the event that they have not fully complied by April 15, 1991, either by submitting incomplete or sham information or by submitting no information whatever, this court will order that Shuma and Gallo be taken into custody by the United States Marshal and incarcerated until this court determines that they have fully complied with the order of December 5, 1989. This sanction, which will take effect if complete compliance is not provided by April 15, 1991, will be in addition to the monetary fine, which also will continue in effect after April 15, 1991. This additional sanction, like the daily fine, is intended to *coerce* Shuma and Gallo into complying with the Order of December 5, 1989. It is *not* intended to vindicate this court's authority by punishing them for past acts of defiance. *McDonald's Corp.*, 727 F.2d at 86–87.

Needless to say, the order setting forth these sanctions will remain in effect unless and until stayed by a court with jurisdiction to do so. Shuma and Gallo need not request reconsideration of said Order by this court, as said request will be denied.

An appropriate Order will be issued.

### ORDER OF COURT

AND NOW at Pittsburgh in said District this 14th day of March, 1991, in accordance with the foregoing Memorandum Opinion of this same date, it is hereby ORDERED as follows:

(1) the Chapter 7 trustee's motion, filed at 90–0824M, for sanctions pursuant to Bankruptcy Rule 9011 against Allen Brunwasser, counsel for debtors in the above-captioned cases, is GRANTED. Attorney Brunwasser is to pay $375.00 to K. Lawrence Kemp, Trustee, as compensation for legal fees incurred in responding to debtors' motion to recuse this judge and their motion to remove the trustee and counsel to the trustee;

(2) the Chapter 7 trustee's motion, filed at 90–0780M, to compel attorney Brunwasser to file a statement providing all information required by 11 U.S.C. § 329(a) and Bankruptcy Rules 219 and 2016, is GRANTED. Said

information is to be filed with the bankruptcy court by March 25, 1991;

(3) the Chapter 7 trustee's motion, filed at 90–7633M, to hold Wayne Shuma and Amelio Gallo in contempt, is GRANTED. Shuma and Gallo have until March 25, 1991 to comply with the order of December 5, 1989 requiring them to file statements of their personal assets and liabilities. For every day thereafter that they fail to comply, Shuma and Gallo will be required to pay a fine of $200.00 *apiece* to the Clerk of the Bankruptcy Court. In the event Shuma and Gallo fail to comply by April 15, 1991, the United States Marshal will be directed to take them into custody until they are in compliance. The monetary file also will remain in effect after April 15, 1991.