**In re Joyce M. BORCK, Debtor.**

**Joyce M. BORCK, Plaintiff,**

**v.**

**UNITED STATES of America, Internal Revenue Service, Defendants.**

Bankruptcy No. 87–02162–BKC–SMW–A.
Adv. No. 87–0434–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida,
Miami Division.

Dec. 21, 1987.

Andrew J. Nierenberg, Coral Gables, Fla., for debtor/plaintiff.

Terry Mitchell, Dist. Counsel, Miami, Fla., Jose F. De Leon, U.S. Dept. of Justice, Washington, D.C., for U.S.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on before the Court on November 10, 1987, upon the Adversary Complaint by the Debtor, JOYCE M. BORCK, seeking discharge of the personal income tax liabilities asserted by the Internal Revenue Service ("IRS") against the Debtor for the respective tax and calendar years 1977, 1978, 1979, 1980, 1981, 1982, 1983, and 1984, inclusive, pursuant to 11 U.S.C. Section 727(a) and 523(a)(1); and Bankruptcy Rule 4007(a); and also seeking avoidance of certain IRS tax levies and liens pursuant to 11 U.S.C. Section 544 and 547(b); and the Court having examined the evidence presented and considered the argument of counsel, and being otherwise fully advised in the premises, does hereby

make the following Findings of Fact and Conclusions of Law:

The Debtor commenced this adversary proceeding pursuant to Bankruptcy Rule 4007(a) since tax liabilities covered by Section 523(a)(1) comprise a claim or debt of a kind which would not otherwise be discharged pursuant to Section 523(c) in the event that the creditor failed to take timely action.

The IRS filed an Answer, acknowledging, *inter alia*, that the liabilities asserted for the tax years 1977 through and inclusive of 1983 satisfy the statutory requisites for dischargeability under Section 523(a)(1) of the Bankruptcy Code; asserting that the liability claimed for tax year 1984 does not satisfy the statutory requirements for dischargeability; and by separate Motion seeking to strike Count II of the Adversary Complaint which requested avoidance of the IRS lien and levy.

The case has come before the Court upon stipulated facts, including the Debtor's acknowledgement that the tax return for the year 1984 last became due less than three (3) years prior to the June 19, 1987 filing of the Voluntary Chapter 7 Petition.

Based upon the foregoing, the Court finds:

1. The tax obligations asserted against the Debtor arise on or are measured by income.

2. The tax claims for the calendar years 1977, 1978, 1979, 1980, 1981, 1982, and 1983 are for taxable years for which returns were required and were last due, including extensions, more than three (3) years before the date of filing of the Petition, June 19, 1987.

3. The tax claim for calendar year 1984 is for a taxable year for which a return was required and was last due, including extensions, after three (3) years before the date of the filing of the Petition.

4. The tax claims for calendar years 1977 through and inclusive of 1984 were assessed more than two-hundred forty (240) days plus thirty (30) days prior to the date of the Petition and there were no offers in compromise with respect to such taxes.

5. Returns for all of the tax periods in question were filed.

6. The Debtor's tax returns were not fraudulent, nor was there any willful attempt, in any manner, to evade or defeat such taxes.

7. Pursuant to 11 U.S.C. Section 523(a)(1) and Section 727(a) all tax liabilities on account of tax years 1977 through and inclusive of 1983 in the approximate amount of $9,500.67, including statutory additions, as of May 12, 1987, are determined to be dischargeable debts.

8. Pursuant to the aforesaid Sections 523(a)(1) and 727(a) the tax liability for the tax year ended December 31, 1984, in the principal sum of $761.02, together with statutory additions, for an aggregate of approximately $1,015.58 as of the date of May 12, 1987, is hereby determined to be non-dischargeable.

9. The Debtor may not avoid the tax liens and Notice of Levy filed and served by the IRS on May 28, 1987 and May 13, 1987 respectively as the federal tax lien is a statutory lien, *In re Debmar*, 21 B.R. 858 (Bkc.S.D.Fla.1982).

10. While the Motion of the UNITED STATES OF AMERICA to dismiss Count II of the Complaint must be granted, the Court finds that the practical effect of same will be that such tax liens and levies as may have been previously filed and recorded by the IRS will be valid and enforceable, but only to the extent of the tax liability arising for the tax year ended December 31, 1984.

A separate Final Judgment of even date has been entered in conformity herewith.