**In re Lee SURFACE, Debtor.**

**Lee SURFACE, Plaintiff,**

**v.**

**Gail MEYER, Defendant.**

**Bankruptcy No. 3–87–01479.
Adv. No. 3–91–0123.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Sept. 30, 1991.

This bankruptcy case has obviously not been closed or dismissed, and no discharge has been granted to the debtor.

Barry P. Reich and Margaret L. Foley, Springfield, Ohio, for defendant.

Lee Surface, pro se.

## DECISION ON ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS AND ON ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

WILLIAM A. CLARK, Bankruptcy Judge.

Before the court is "Defendant Gail Meyer's Motion to Dismiss Pursuant to Fed. R.Civ.P. 12(b)(6)" as well as "Plaintiff's Motion for Summary Judgment." The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

### PLAINTIFF'S COMPLAINT AND DEFENDANT'S MOTION TO DISMISS

The relevant portions of the plaintiff's complaint are as follows:

> This proceeding seeks to stop, by injunction, third party interference with the rights afforded Plaintiff by his discharge in bankruptcy.
>
> . . . .

12. On February 22, 1989, this court granted Lee Surface a discharge ...;

....

14. On November 14, 1990, Lee Surface mailed a true and correct copy of this court's [Discharge of Debtor] ... to Defendant Meyer ...;

15. Within an affidavit filed by Defendant Meyer [in another adversary proceeding] ... Defendant Meyer states "pursuant to the superseding wage assignment entered by the Allen Superior Court on December 1, 1986, I have directed that $145 per week be deducted from Plaintiff's earnings, and this amount has been and is being deducted";

16. The aforestated $145 per week is mailed to Sandra S. Taylor ..., who disperses that weekly amount at her discretion and without accountability thereof;

....

20. A Bankruptcy Judge can, pursuant to 11 U.S.C. § 105(a), protect a bankrupt from efforts of others to interfere with the rights provided by the bankrupt's discharge in bankruptcy;

....

22. Defendant Meyer is denying Plaintiff the right to choose to not personally satisfy his discharged liability for claims held by Sandra S. Taylor;

23. Defendant Meyer is denying Plaintiff the meaningful opportunity for financial rehabilitation that his discharge in bankruptcy afforded;

24. Defendant Meyer's continuing directive to deduct $145 provides the incentive for Sandra S. Taylor to continuously harass Plaintiff, his son, and his mother for the purpose of satisfying discharged debts by:

(a) denying Plaintiff visitation with his son ...;

(b) instituting litigation against Plaintiff in Allen County, Indiana ...;

(c) continuing prebankruptcy litigation against Plaintiff, his mother, and another entity in state court ...;

(d) representing Plaintiff's son as if she were an attorney at law in order to reduce the son's alleged claim to judgment against Plaintiff thereby inflicting emotional distress and compelling Plaintiff to divert resources needed to resolve his financial affairs.

In his prayer for relief, the plaintiff requests this court to:

— issue an order against Defendant Meyer for the cancellation and avoidance of his directive to deduct $145 per week from the wages that are or become due and owed to Plaintiff; and

— issue an order enjoining Defendant Meyer and any other who might come into active concert and participation with him from reinstituting and or continuing the practice of directing that $145 per week be deducted from Plaintiff's earnings pursuant to the writing Defendant Meyer claims to be "the superseding wage assignment entered by the Allen Superior Court on December 1, 1986."

Defendant Meyer has filed a "Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6)" on the ground that Plaintiff's complaint fails to state a claim against Defendant upon which relief can be granted. Defendant has accompanied his motion with his affidavit which states, in pertinent part, that:

1. I am the Accounting Manager of the plant operated by Navistar International, Inc. in Springfield, Ohio ...;

2. ... I am responsible for the payroll, and deductions are made from employees' earnings at my directions;

....

4. In accordance with the wage assignment for child support entered by the Allen County Superior Court on April 4, 1985, I directed that $115 per week be deducted from Plaintiff's earnings, and this amount was deducted. Then, pursuant to the superseding wage assignment entered by the Allen County Superior Court on December 1, 1986, I have directed that $145 per week be deducted from Plaintiff's earnings, and this amount has been and is being deducted. Copies of the orders for wage assignment are attached hereto as Exhibits A & B.

## DEFENDANT'S MOTION TO DISMISS TREATED AS MOTION FOR SUMMARY JUDGMENT

Defendant Meyer has filed a motion to dismiss the plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, and has attached his affidavit to the motion. Under such circumstances, the court has discretion to treat the motion to dismiss as one for summary judgment:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(b). Because Plaintiff, subsequent to the filing of the defendant's motion to dismiss, filed a motion for summary judgment, the court finds that the condition of providing the plaintiff with an opportunity to present material under Rule 56 has been satisfied. As a result, the court has before it cross-motions for summary judgment. Therefore, all material submitted by the parties in this adversary, with the exception of Exhibits A and B accompanying Defendant's affidavit (discussed *infra*), will be considered by the court.

## UNDISPUTED MATERIAL FACTS

The following material facts are undisputed by the parties:

1) On February 22, 1989, this court granted a discharge in a chapter 7 case to the plaintiff;

2) "Prior to Plaintiff's filing of his bankruptcy petition and only because of a wage assignment, Defendant Meyer directed that $145 per week be deducted from Plaintiff's earnings and he has ... continuously so directed" (Doc. # 12);

3) The $145 per week is mailed to Sandra S. Taylor, who was listed by the plaintiff as a creditor; and

4) The issue of dischargeability of the debt owed to Sandra S. Taylor has never been decided by any court.

## CONCLUSIONS OF LAW

Plaintiff seeks an injunction against the defendant to prevent the defendant from interfering with the rights granted to the plaintiff by his discharge in bankruptcy. It is a basic principle of the law of injunctions "that an injunction does not create any vested rights for a plaintiff; it is simply a remedy designed to vindicate *pre-existing rights." Stewart v. General Motors Corp.*, 756 F.2d 1285, 1291 (7th Cir. 1985) (emphasis supplied). Further, an injunction will only issue if a clear right to that relief is shown. *Acha v. Beame*, 438 F.Supp. 70, 79 (D.S.D.N.Y.1977). The right which the plaintiff is attempting to vindicate is found in § 524 of the Bankruptcy Code which specifies the effect of a discharge in bankruptcy:

(a) A discharge in a case under this title—

. . . .

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived;

11 U.S.C. § 524(a)(2).

Prior to the court considering whether the circumstances of this case warrant the issuance of injunctive relief, it is incumbent upon the plaintiff to make a showing that he has pre-existing rights under § 524, i.e., that the debt owed to Sandra S. Taylor was discharged in his chapter 7 case. The *fatal flaw in Plaintiff's* request for an injunction is his assumption [1] that his debt to Sandra S. Taylor has been discharged during the course of his chapter

---

**1.** "Defendant Meyer is denying Plaintiff the right to choose to not personally satisfy his *discharged liability* for claims held by Sandra S. Taylor" (Plaintiff's Complaint) (Emphasis Supplied).

7 case. Plaintiff's memorandum of law (Doc. # 8) makes clear that he presumes that the failure of Sandra S. Taylor to file a complaint under § 523(a)(5) in the bankruptcy court to determine the dischargeability of Plaintiff's debt, prior to receiving his discharge, has resulted in the debt to Sandra S. Taylor being discharged. Such presumption is incorrect.

■ Section 523(c) of the Bankruptcy Code *does* require a creditor who is owed a debt that may be discharged under § 523(a)(2), (4), or (6) (false statements, embezzlement or larceny, or willful and malicious injury) to initiate proceedings in the Bankruptcy Court.[2] If the creditor does not act, the debt is discharged. H.R. No. 595, 95th Cong., 1st Sess. 365 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 80 (1978) U.S.Code Cong. & Admin.News 1978, pp. 5787, 5865, 5963, 6320. With respect to the other types of dischargeability questions under § 523(a), including § 523(a)(5) for alimony and support, there is no automatic discharge of the debt upon failure of the creditor to file an adversary proceeding in the bankruptcy court. Both the Bankruptcy Rules and the explanatory note of the Advisory Committee are consistent with this result:

Rule 4007: DETERMINATION OF DISCHARGEABILITY OF A DEBT

(a) **Persons Entitled to File Complaint.** A debtor or any creditor *may* file a complaint with the court to obtain a determination of the dischargeability of any debt.

(b) **Time for Commencing Proceeding Other Than Under § 523(c) of the Code.** A complaint *other than under § 523(c)* may be filed at *any time....*

(c) **Time for Filing Complaint Under § 523(c) in Chapter 7 Liquidation and Chapter 11 Reorganization Cases; Notice of Time Fixed.** A complaint to determine the dischargeability of *any debt pursuant to § 523(c)* of the Code *shall* be filed not later than 60 days following

the first date set for the meeting of creditors held pursuant to § 341(a).

Bankr.R. 4007 (emphasis supplied).

*Subdivision (b)* does not contain a time limit for filing a complaint to determine the dischargeability of a type of debt listed as nondischargeable under § 523(a)(1), (3), (5), (7), (8), or (9). Jurisdiction over this issue on these debts is held concurrently by the bankruptcy court and any appropriate nonbankruptcy forum.

*Subdivision (c)* differs from subdivision (b) by imposing a deadline for filing complaints to determine the issue of dischargeability of debts set out in § 523(a)(2), (4) or (6) of the Code. The bankruptcy court has exclusive jurisdiction to determine dischargeability of these debts. If a complaint is not timely filed, the debt is discharged. See § 523(c).

Advisory Committee Note to Bankr.R. 4007. *See also Pierce v. Pierce (In re Pierce)*, 95 B.R. 154, 157 (Bankr.N.D.Cal. 1988) ("[U]nlike debts excepted from discharge under 11 U.S.C. § 523(a)(2), (4), and (6), an action to have a debt declared nondischargeable under 11 U.S.C. § 523(a)(5) can be filed at any time."); *In re Sullivan*, 83 B.R. 623, 624 (Bankr.S.D.Iowa 1988) (Section 523(a)(5) complaint need not be filed within time period provided in 11 U.S.C. § 523(c)); and *Hill v. Hill (In re Hill)*, 26 B.R. 156, 159 (Bankr.S.D.Ohio 1983) (There are no time limits within which such a complaint may be filed).

■ Defendant Meyer asserts that he is honoring a wage assignment for child support entered by the Allen County Superior Court (Doc. # 6, Defendant's Affidavit), while the plaintiff contends that he never owed a debt in the nature of child support (Doc. # 8). In addition, Plaintiff maintains that the defendant has no standing to seek a determination that the debt to Sandra S. Taylor is nondischargeable.

**2.** "Except as provided in subsection (a)(3)(B) of [§ 523], the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of [§ 523], unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of [§ 523]." 11 U.S.C. § 523(c).

Plaintiff is correct that the defendant lacks standing to litigate the dischargeability of the debt owed to Sandra S. Taylor. Only a debtor or a creditor may file a complaint to *determine* dischargeability of a debt. Bankr.R. 4007(a). But Plaintiff's argument cuts both ways: not only is the defendant unable to request a determination of dischargeability in this case, the debtor is also prevented from requesting such a determination, and, as a result, has no ability to demonstrate to the court at this time that the debt to Sandra S. Taylor was discharged. Sandra S. Taylor, who would obviously be affected by such a determination, is not a party to this action.

■ As a matter of law, then, because the Plaintiff, who bears the burden of proof in this adversary proceeding, cannot prove whether the debt to Sandra S. Taylor was discharged or not discharged, and therefore cannot possibly demonstrate to the court that he is entitled to the rights afforded by § 524 of the Bankruptcy Code. Section 524 only enjoins efforts to collect discharged debts, *Worthing v. The Connecticut National Bank* (*In re Worthing*), 24 B.R. 774, 778 (Bankr.Conn.1982), and Plaintiff as a matter of law may not prove that the debt was discharged. Being precluded from showing that he has "pre-existing rights" under § 524, he can, of course, not carry his burden of proof to demonstrate entitlement to injunctive relief.

■ Plaintiff has also filed a motion to strike the defendant's motion to dismiss "because that motion raises an insufficient, immaterial, and or illegal claim or defense ..." (Doc. # 11). Plaintiff's objection to Defendant's motion is that "the main thrust and perhaps the entire purpose of his motion is to determine the dischargeability of a debt under the provisions of 11 U.S.C. § 523(a)(5)" (*Id.*). To the court, the purpose of Defendant's motion is as stated in Defendant's motion: to demonstrate that Plaintiff's "complaint fails to state a claim upon which relief can be granted because Defendant properly directed that deductions be made from Plaintiff's earnings in accordance with a court order for wage assignment" (Doc. # 6).

Although Defendant raises the issue of nondischargeability under § 523(a)(5), a *determination* of dischargeability is clearly not the "main thrust" of defendant's motion. Nor is the question of dischargeability immaterial, since dischargeability of the debt to Sandra S. Taylor is a prerequisite to Plaintiff's invocation of § 524 of the Bankruptcy Code. Therefore, the court will deny Plaintiff's motion to strike Defendant's motion to dismiss.

■ Plaintiff has objected to the affidavit of Defendant Meyer as improper. In particular, Plaintiff objects to the court considering copies of an "Order for Wage Assignment" and a superseding "Order for Wage Assignment" (Exhibits A and B to Doc. # 6) on the ground that the exhibits do "not show any file-stamp marking of any court, are not verified, are not attested to being part of the record of any court, and only one of the four signatures appearing on the papers Meyer has labeled Exhibit A and B purports to be that of a judge" (Doc. # 10).

Upon reviewing the entire file in this adversary proceeding, the court finds that it is not necessary to consider Exhibits A and B. Defendant's affidavit itself offers his explanation for making the deductions from Plaintiff's wages:

4. In accordance with the wage assignment for child support entered by the Allen County Superior Court on April 4, 1985, I directed that $115 per week be deducted from Plaintiff's earnings, and this amount was deducted. Then, pursuant to the superseding wage assignment entered by the Allen County Superior Court on December 1, 1986, I have directed that $145 per week be deducted from Plaintiff's earnings, and this amount has been and is being deducted. (Doc. # 6, Defendant's Affidavit).

With the exception of the assertion regarding child support, Plaintiff has offered no refutation of Defendant's statement, and in fact, has substantially agreed with it in his motion for summary judgment:

Prior to Plaintiff's filing of his bankruptcy petition and only because of a wage assignment, Defendant Meyer directed that $145 per week to be deducted from Plaintiff's earnings and he has, as of the date of this motion, continuously so directed (Doc. # 12).

Although Plaintiff has an assortment of complaints concerning Defendant's Exhibits A and B, he has elected not to supply the court with his own copies of the wage assignments so that the court could have accurate copies of the very documents that are the source of Defendant's deductions from Plaintiff's wages. Nevertheless, because Defendant's Exhibits A and B are not properly authenticated, the court has not considered them in reaching its decision, nor as explained above, was it necessary to do so.

For the foregoing reasons, the court denies Plaintiff's motion to strike Defendant's motion to dismiss, denies Plaintiff's motion for summary judgment and grants Defendant's motion to dismiss.

It is so ordered.