145 B.R. 310 (1992)
John ARENSON, Appellant,
v.
UNITED STATES of America, Acting Through the INTERNAL REVENUE SERVICE, Appellee.
4:CV92-3044.
United States District Court, D. Nebraska.
June 25, 1992.
Vincent M. Powers, Lincoln, Neb., for appellant.
James A. Bruton, Acting Asst. Atty. Gen., Stephen G. Fuerth and Virginia Cronan Lowe, Attys., Tax Div., U.S. Dept. of Justice, Washington, D.C., for appellee.

MEMORANDUM AND ORDER
URBOM, Senior District Judge.
The appellant, John Arenson, appeals the decision of the bankruptcy court[1] ruling that the debtor's tax obligations from 1981, 1982, and 1983 are not dischargeable pursuant to 11 U.S.C. § 523(a)(1)(B)(i). 134 B.R. 934. The issue on appeal is whether the decision of the bankruptcy court is contrary to fact and to law.
On appeal, the bankruptcy court's legal conclusions are reviewed de novo and its factual findings are reviewed under the clearly erroneous standard. In re Apex Oil, Co., 884 F.2d 343, 348 (8th Cir.1989).
The bankruptcy court made a factual determination that the appellant did not file federal income tax returns for the years 1981, 1982, and 1983. The bankruptcy court also found that the Examination Division of the Internal Revenue Service (IRS) made a determination of the appellant's tax liability and made an assessment against *311 the appellant on September 20, 1985, for the tax years 1981 and 1982. Finally, the bankruptcy court found that the appellant filed amended returns, Form 1040X, for the tax year 1981 and 1982 on January 28, 1986.
Thomas Moore, a revenue officer for the IRS familiar with the appellant's federal income tax account, presented testimony that pursuant to a computer printout of Arenson's tax account there is no record of Arenson's filing original tax returns for the years 1981, 1982, and 1983. They also presented testimony that the IRS set up substitute tax returns for Arenson for the years 1981 and 1982, and they made a tax assessment in September 1985 against him for those years. Moore also testified that amended tax forms, Form 1040X, were filed for the years 1981 and 1982 on January 28, 1986, after the IRS made the assessment. Arenson testified that he believes that original tax returns for the years at issue were timely filed on his behalf by an accountant. He also testified that another accountant filed amended tax return forms on his behalf. The amended tax returns were not designated as part of the record before this court and there is no other evidence in the record before this court on this issue. Reviewing the record, I find that the factual findings of the bankruptcy court are not clearly erroneous and the findings will be affirmed.
The bankruptcy court concluded that because Arenson did not file tax returns for the years 1981, 1982, and 1983, his tax liability for those years is not dischargeable pursuant to 11 U.S.C. § 523(a)(1)(B)(i). The bankruptcy court further concluded that the amended returns, Form 1040X, filed by the debtor should not be considered a "return" for the purposes of section 523(a)(1)(B)(i).
Pursuant to 11 U.S.C. § 523(a)(1)(B)(i), an individual debtor is not discharged from any debt for a tax with respect to which a return, if required, was not filed. Arenson argues that this case is similar to Matter of Carapella, 84 B.R. 779 (Bkrtcy.M.D.Fla. 1988), where the court held that a Form 870 adequately substituted for filing a Form 1040 return and therefore the debtor's tax liability was dischargeable. Arenson contends that the bankruptcy court, using the broad language of Revenue Ruling 74-203, relied on in the Carapella case, should have deemed his filing of Form 1040X as a "return" for the purposes of section 523(a)(1)(B)(i). The IRS argues that Carapella can be distinguished from the instant action because Revenue Ruling 74-203 is limited to a finding that Form 870 constitutes a return for purposes of section 523(a)(1)(B)(i) and the IRS has not made a similar ruling with regard to an amended return Form 1040X. After reviewing the language of section 523(a)(1)(B)(i) and the Carapella case, I find that the appellee's argument is well taken.
The appellant further argues that this case does not involve fraud or any willful attempt to evade or defeat taxes, and therefore as in In re Gathwright, 102 B.R. 211 (Bkrtcy.D.Or.1989), the bankruptcy court should have discharged the tax liability. Arenson admits that the Gathwright case involved section 523(a)(1)(C) and yet he thinks the court should be persuaded by the reasoning in Gathwright. I do not find this argument persuasive. Because the decision of the bankruptcy court is based on section 523(a)(1)(B)(i), the reasoning in Gathwright is not dispositive of the issues in this case.
IT IS ORDERED that United States Bankruptcy Judge John C. Minahan's decision of December 6, 1991, filing 19, is affirmed.
NOTES
[1] The Honorable John C. Minahan, Jr., United States Bankruptcy Judge for the District of Nebraska.