In re John A. ELLSWORTH and Mary Ann Ellsworth, Debtors.

UNITED STATES of America, Appellant,

v.

John A. ELLSWORTH and Mary Ann Ellsworth, Appellees.

No. 93–106–CIV–T–17C.
Bankruptcy No. 91–11028–BKC–8B7.

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 9, 1993.

Robert Wayne Genzman, U.S. Attorney's Office, M.D. Florida, Tampa, FL, Mary Apostolakos Hervey, U.S. Dept. of Justice, Trial Atty., Tax Div., Washington, DC, for appellant.

Thomas Joel Chawk, Family Legal Centers of Chawk & Assoc., P.A., Lakeland, FL, for appellees.

## APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA

KOVACHEVICH, District Judge.

### ORDER ON APPEAL

This cause is before the Court on appeal from an Order on Debtors' Motion for Sanctions entered on December 21, 1992, by Bankruptcy Judge Thomas E. Baynes, Jr.

## STANDARD OF APPELLATE REVIEW

■ Appellant is entitled to an independent *de novo* review of all conclusions of law and the legal significance accorded to the facts. *In re Owen,* 86 B.R. 691 (M.D.Fla.1988).

## FACTS

Appellees, John A. and Mary Ann Ellsworth, filed a petition for relief pursuant to Chapter 7 of the Bankruptcy Code (11 U.S.C. Section 101, *et seq.*) on August 27, 1991. On November 22, 1991, the U.S. Bankruptcy Court, Middle District of Florida, granted Appellees a discharge in bankruptcy. Sometime prior to filing their bankruptcy petition, Appellees were convicted of willfully failing to file federal income tax returns for 1978 and 1979 and served a portion of the imposed sentences. Subsequently, due to Appellees' failure to file tax returns for 1977 through 1982, in violation of their probation, they were required to complete their previously imposed sentences.

After entry of the bankruptcy discharge order, the Internal Revenue Service internally determined that Appellees' federal income tax liabilities for the years 1979 through 1981 were nondischargeable pursuant to 11 U.S.C. Section 523(a)(1)(C). The Internal Revenue Service then began collection efforts for Appellees' tax liabilities.

On June 23, 1992, Appellees filed a motion for sanctions contending that the Internal Revenue Service violated the permanent injunction imposed by 11 U.S.C. Section 524(a)(2). By order dated July 1, 1992, the Bankruptcy Court reopened the bankruptcy case for the limited purpose of allowing Appellees to file a complaint to determine dischargeability of their tax liabilities. Subsequently, on September 22, 1992, Appellees filed a complaint, which is now pending, to determine dischargeability of the debt. On December 21, 1992, the Bankruptcy Court granted Appellees' motion for sanctions against the Appellant. It is this order which is the subject of the present appeal.

## ISSUE

Whether the Bankruptcy Court was correct as a matter of law in imposing sanctions upon the Appellant for purportedly violating the permanent injunction under

11 U.S.C. Section 524(a)(2) as a result of the Government's failure to file a complaint seeking determination of the dischargeability of Appellees' tax liabilities?

### DISCUSSION

 Under 11 U.S.C. Section 524(a)(2), a discharge in bankruptcy "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [debt discharged under section 727] as personal liability of the debtor, whether or not discharge of such debt is waived." However, exceptions to the debtor's discharge do exist. Section 523(a) lists certain tax liabilities which are considered nondischargeable. Among these are debts for a tax "with respect to which the debtor made a fraudulent tax return or willfully attempted in any manner to evade or defeat such tax." § 523(a)(1)(C). There are no limitations on the nondischargeable status of these types of liabilities within the language of this paragraph or in any other provision of Section 523, except under the terms of 523(b), which is not relevant to this action. Thus, a tax liability based on a fraudulent return or willful evasion of the tax, as in Appellees' case, is nondischargeable. Since the debt in this case is nondischargeable, no further action is necessary by the creditor, and the creditor is not prohibited by the permanent injunction, created in Section 524(a)(2), from collecting debts owed it.

 Although Section 523(a) excepts certain debts from discharge in bankruptcy automatically, other debts require further action to be excepted from discharge. Thus, while the language of Section 523(a)(1)(C) sufficiently addresses the present issue, it is useful to contrast the debts under 523(a)(1) with those under 523(a)(2), (4), and (6). Pursuant to 523(c)(1), in order for debts to be excepted under Sections 523(a)(2), (4), and (6), a creditor must file a complaint seeking determination of nondischargeability in the Bankruptcy Court. Failure to do so automatically discharges the debt. *In re Surface*, 133 B.R. 411, 415 (Bk.S.D.Ohio 1991). As to Section 523(a)(1), and the other provisions under 523(a), "there is no automatic discharge of the debt upon failure of the creditor to file an adversary proceeding in the bankruptcy court." *Id.* If there is a challenge to the nondischargeability of the tax liability, it must come from the debtor, "since tax liabilities covered by Section 523(a)(1) comprise a claim or debt of a kind which would not otherwise be discharged pursuant to Section 523(c) in the event that the creditor failed to take timely action." *In re Borck*, 81 B.R. 142 (Bk.S.D.Fla.1987); *see also, In the Matter of Driscoll*, 57 B.R. 322, 327 (Bk.W.D.Wis.1986). The law is clear that failure to file a complaint for debts protected from discharge under Section 523(a)(1) does not affect the dischargeability or nondischargeability of the debt. Because the Appellant was not required to file a complaint in order to preserve the debt from discharge, there was no basis for the Bankruptcy Court in the present case to impose sanctions.

 Bankruptcy Rule 4007, governing the filing of complaints for determination of dischargeability of a debt, supports the language of the Code and applicable case law. Specifically, this rule does not set a time requirement on the filing of a complaint regarding debts exempted from discharge by Section 523(a)(1). Although Rule 4007(c) places a time requirement for filing complaints regarding dischargeability of debts under 523(c) (i.e. 523(a)(2), (4), and (6)), Rule 4007(b) imposes no such requirement on complaints filed under sections other than Section 523(c). Under Rule 4007(b), a complaint may be filed at any time.

Additionally, Rule 4007(a) states a complaint *may* be filed, but it does not state a complaint *must* be filed by either party. The rule permits cases not filed under Section 523(c) to be reopened so that either party may file a complaint to obtain determination of the dischargeability of a debt, which Appellees have now done. Therefore, the Bankruptcy Court must entertain arguments on the issue of dischargeability.

This Court, having carefully considered the issues on appeal, and based on the

foregoing, concludes that the Bankruptcy Court erred as a matter of law as to the imposition of sanctions upon Appellant. Accordingly, it is

**ORDERED** that the Final Judgment in Case No. 91–11028–BKC–8B7, filed December 21, 1992, imposing sanctions on the Appellant be **vacated**. The Clerk of the Court is directed to enter judgment for Appellant in accordance with this Order.

**DONE and ORDERED.**