In re Robert G. **BENHAM** d/b/a Action Water Care and Juanita Benham.

Robert G. **BENHAM** d/b/a Action Water Care and Juanita Benham, Plaintiffs,

v.

Bob **WHORTON** and Loyd Maughin, Yell County Sheriff, Defendants,

Bankruptcy No. 93–42288.

Adv. No. 93–4143.

United States Bankruptcy Court, E.D. Arkansas, Little Rock Division.

Jan. 4, 1994.

Michael Redden, U.S. Trustee, Little Rock, AR, for plaintiffs.

James Pate, Russellville, AR, for Bob Whorton.

John W. Rife, Danville, AR, for Yell County Sheriff.

Frederick Wetzel, Little Rock, AR, Trustee.

### ORDER GRANTING MOTION TO DISMISS

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the counterclaim defendants' motion to dis-

miss, filed on December 27, 1993. This adversary proceeding was filed on November 4, 1993, upon the filing of Debtors' "Motion for Turnover" against Bob Whorton and the Yell County Sheriff. Both defendants have answered the complaint.

On December 13, 1993, the debtors filed a document entitled "Counterclaim for Contempt" against Bob Whorton and Deloria Whorton. Since no other adversary proceeding was pending, and debtors failed to place an adversary proceeding number on the pleading, the counterclaim was filed in this adversary proceeding. The debtors, plaintiffs in the action, seek by "counterclaim" to assert an action for contempt against both Deloria and Bob Whorton.[1]

The Court is unaware of any procedure by which a plaintiff counterclaims against defendants. If debtors wish to sue for contempt, they should do so in the context of their previous Chapter 7 case, not in this Chapter 11 proceeding. Moreover, filing a "counterclaim" in the pending adversary proceeding in which they are already plaintiffs is without basis in law or procedure.

Even were the "counterclaim" properly before the Court, it fails to state a cause of action. The "counterclaim" seeks to have the defendants held in contempt for violating the discharge injunction under 11 U.S.C. § 524. The debtors assert that since they received a discharge in their prior Chapter 7 proceeding, any action by Bob Whorton, through the Sheriff, violates the discharge injunction. The discharge injunction under section 524 prohibits creditors from pursuing discharged debtors to collect a discharged debt. However, in this instance, the debt owed to the Whortons was not discharged in the prior Chapter 7 case. *In re Benham,* 157 B.R. 655 (Bankr.E.D.Ark. 1993). Accordingly, the discharge injunction does not prohibit acts to collect that debt. *See United States v. Ellsworth,* 158 B.R. 856, 858 (M.D.Fla.1993) ("Since the debt in this case is nondischargeable, no further action is necessary by the creditor, and the creditor is not prohibited by the permanent injunction, created in section 524(a)(2), from collecting debts owed it."). Based upon the foregoing, it is

**ORDERED** that the Motion to Dismiss, filed on December 27, 1993, is GRANTED.

**IT IS SO ORDERED.**

---

**1.** Deloria Whorton is not a party to this action as she was not named in the original complaint. Moreover, it does not appear that a summons was ever properly served upon her. *See* Fed. R.Bankr.Proc. 7004 (requiring service be effected upon a debtor by serving both debtor and debtor's attorney).