GARY BURKE AND PAMELA B. BURKE, Paintiffs v. UNITED STATES OF AMERICA ACTING BY AND THROUGH THE INTERNAL REVENUE SERVICE, Defendant
Burke v. United States
No. 95-11042 United States Tax Court
1995 U.S. Tax Ct. LEXIS 68; November 17, 1995, Filed *68 Defendant's motion to dismiss plaintiffs' complaint denied. John S. Dalis, Judge. John S. Dalis
ORDER
By motion defendant seeks dismissal pursuant to Federal Rule of Civil procedure (FRCP) 12(b)(6) made applicable to bankruptcy practice pursuant to Federal Rule of Bankruptcy procedure (FRBP) 7012. In this adversary proceeding plaintiffs charge the United States of America, acting through the Internal Revenue Service ("IRS"), with violation of the discharge injunction of 11 U.S.C. section 524 and the stay of section 362. It is alleged in the complaint that the IRS instituted post-discharge collection efforts on income tax debts previously scheduled and discharged in plaintiffs' Chapter 7 case and continued these efforts after the debtors' Chapter 7 bankruptcy case was reopened. The motion is denied.
This court has jurisdiction to hear this matter as a core proceeding under 28 U.S.C. section 157(b)(2)(I) and 28 U.S.C. section 1334. In considering a motion to dismiss a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff *69 can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The Federal Rules of Civil Procedure create a presumption against rejecting pleadings for failure to state a claim. United States v. Blakeman, 997 F.2d 1084, 1089 (5th Cir. 1993), cert. denied, 510 U.S. 1042, 126 L. Ed. 2d 654, 114 S. Ct. 687 (1994). The moving party bears the burden of showing the deficiency of the plaintiff's complaint. Johnsrud v. Carter, 620 F.2d 29, 33 (3rd Cir. 1980) For purposes of ruling on a motion to dismiss, the complaint is to be liberally construed in favor of the plaintiff, and the material allegations of the complaint are to be taken as admitted. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1969). Determination of the motion must resolve the IRS' theories asserting that plaintiffs have no legal basis for recovery.
As to Count I of the complaint, the IRS first asserts that its post-discharge collection efforts did not violate the permanent discharge injunction of 11 U.S.C. section 524 *70 [1] because section 524(a)(2) enjoins any effort to collect a DISCHARGED debt, and the IRS contends that the plaintiffs' debts were NOT DISCHARGED because the debts in question are tax debts statutorily excepted from discharge. See 11 U.S.C. section 523(a)(1). Critical to the IRS' assertion is the fact that plaintiffs never instituted an adversary proceeding to determine the dischargeability of said debts. See FRBP 4007(a) and 7001(6).
*71 Under section 523 of the Bankruptcy Code certain debts are excepted from the discharge granted under 11 U.S.C. section 727. Examples of such excepted debts include certain taxes, student loans, alimony, and debts arising from willful and malicious injuries to person or property. See 11 U.S.C. section 523(a)(1), (5) , (6) , (8). The IRS relies on the procedural burdens placed on parties attempting to except debts from discharge. For certain debts, namely debts procured through fraudulent means, debts arising from willful and malicious injuries, and debts other than alimony or child support incurred as part of divorce or separation settlement agreements, section 523(c)(1) places upon the CREDITOR the burden of instituting an adversary proceeding excepting that creditor's debt from discharge. [2] *73 If the creditor does not timely act, the debt is discharged. Surface v. Meyer (In re Surface) 133 B.R. 411, 415 (Bankr. S.D.Ohio 1991). FRBP 4007(c)[3] acts as an accelerated statute of limitations to bringing a complaint under sections 523(a)(2)(4)(6) or (15). The *72 IRS incorrectly interprets section 523(c) to require that the DEBTORS institute an adversary proceeding to determine dischargeability under all other section 523(a) grounds in order for the discharge of section 727 and the permanent injunction of section 524 to attach. In United States v. Ellsworth (In re Ellsworth), 158 B.R. 856 (M.D.Fla. 1993), a case with strikingly similar facts, the District Court reversed the Bankruptcy Court's imposition of sanctions against the IRS for post-discharge collection efforts stating, "[b]ecause the [IRS) was not required to file a complaint in order to preserve the debt from discharge, there was no basis for the Bankruptcy Court in the present case to impose sanctions." Ellsworth, supra at 858. Ellsworth places a burden on the debtor not existing under the Bankruptcy Code or Rules, to commence adversary proceedings to determine dischargeability of a particular debt in order for the discharge of section 727 to be effective and the section 524 injunction to apply.
The extent of the discharge is final at the time the discharge order is entered. A later adversary proceeding at most resolves whether a particular debt was within the original scope of the discharge. In re Crull, 101 B.R. 60, 61 (Bankr. W.D.Ark. 1989); In re Anderson, 72 B.R. 495, 496 (Bankr. D.Minn. 1987). Thus the IRS violates the permanent injunction of section 524 by making post- discharge collection efforts on discharged debts, whether or *74 not a determination of dischargeability has been made in an adversary proceeding. If the tax debts are found to be not discharged, the IRS has not violated the discharge injunction and incurs no penalty. However, if the debts are ultimately found TO HAVE BEEN DISCHARGED, the IRS could be liable for damages arising from the injunction violation.
The IRS further urges dismissal claiming sovereign immunity. The Code, as amended in October, 1994, makes clear that the federal government has waived sovereign immunity with respect to monetary recoveries as well as declaratory and injunctive relief for those sections of Title 11 specifically listed in section 106(a)(1). H.R. Rep. No. 103-834, 103rd Cong., 2nd Sess. 13-15, 140 Cong. Rec. H10,766 (1994). The waiver of sovereign immunity in section 106 is to be retroactively applied so that it shall apply to cases commenced before, on, and after the date of enactment of the amendments. Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, section 702(b)(2)(B), 108 Stat. 4106 (1994). By the terms of the amended statute, the federal government has waived immunity with respect *75 to sections 523 and 524, the relevant provisions for this case. See 11 U.S.C. section 106(a)(1). Nevertheless, the IRS relies upon a limitation on the waiver of immunity.
Nothing in this section [106] shall create any substantive claim for relief or cause of action not otherwise existing under this title, the Federal Rules of Bankruptcy Procedure, or nonbankruptcy law. 11 U.S.C. section 106(a)(5). Thus, the IRS argues, "in order to assert a claim for monetary relief against the United States (or any governmental unit) in bankruptcy, a claimant must satisfy the conditions of Section 106 AND identify a source of law OUTSIDE of Section 106 creating the substantive claim for relief or cause of action." (Def.'s Mot. To Dismiss at 4). Because section 524(a) by its terms does not provide a substantive basis for relief, the IRS contends no recovery is permissible. Compare 11 U.S.C. section 362(h) ("An individual injured by a willful violation of a stay . . . shall recover actual damages, including costs and attorneys *76 fees, and . . . may recover punitive damages.") with 11 U.S.C. section 524(a) (silent as to recovery for violation of permanent discharge injunction).
The IRS argument ignores the provisions of the Bankruptcy Code, Title 11 outside section 524. The sanctions sought are for violation of the Court ordered injunction prohibiting any conduct by a creditor to collect a discharged obligation from the debtor or property of the debtor. Voluminous case authority holds that a violation of section 524 is punishable by civil contempt penalties. Bankruptcy Code section 105(a)[4] empowers bankruptcy courts to enter civil contempt orders. Arnold M. Diamond, Inc. v. Dalton, 25 F.3d 1006, 1010 (Fed. Cir. 1994); see also In re Power Recovery Systems, Inc., 950 F.2d 798, 802 (1st Cir. 1991); Mountain Am. Credit Union v. Skinner (In re skinner), 917 F.2d 444, 447 (10th Cir. 1990); Burd v. Walters (In re Walters), 868 F.2d 665, 669 (4th Cir. 1989); Dubin v. Jakobowski ( In re Stephen W. Grosse. P.C., 84 B.R. 377, 385-88 (Bankr. E.D.Pa. 1988), *77 aff'd, 96 B.R. 29 (E.D.Pa. 1989), aff'd without opinion, 879 F.2d 856 (3rd Cir. 1989), cert. denied, 493 U.S. 976, 110 S.Ct. 501, 107 L.Ed.2d 504 (1989); Georgia Scale Co. v. Toledo Scale Co. (In re Georgia Scale Co.), 134 B.R. 69, 72 (Bankr. S.D.Ga. 1991); Fed. R. Bankr. p. 9020. But see In re Sequoia Auto Brokers, Ltd., Inc., 827 F.2d 1281 (9th Cir. 1987). The IRS reliance on cases reversing orders entered under the authority of section 105(a) which created substantive rights not found in the Code is misplaced. See, e.g., In re Morristown & Erie R.R. Co., 885 F.2d 98 (3rd Cir. 1989) (reversing order imposing extra-contractual obligations on purchaser of railroad assets). The IRS contends such authority disqualifies section 105(a) as a source outside section 106 which might support a claim for damages and the waiver of sovereign immunity under section 106(a)(5). Such an argument fails to consider the effect of section 105(a) on section 524(a)(2). In the cases cited, *78 section 105(a) was used to create substantive powers not found in the Code, something absent from the analysis here. Section 524(a)(2) clearly "creates" the injunction. See supra note 1. Section 105(a) is invoked to punish violations of that injunction i.e. providing for its enforcement. See, e.g. In re Jones, 164 B.R. 543 (Bankr. N.D.Tex. 1994); Daniels v. United States (In re Daniels), 150 B.R. 985 (Bankr. M.D.Ga. 1992); In re Moulton, 133 B.R. 248 (Bankr. M.D.Fla. 1991); Bryant v. United States (In re Bryant), 116 B.R. 272 (Bankr. D.Kan. 1990), aff'd, 1991 U.S. Dist. LEXIS 13093 (D.Kan. Sept. 9, 1991); In re Kiker , 98 B.R. 103 (Bankr. N.D.Ga. 1988). Additional reliance by the IRS on cases holding the federal government immune from damages under section 105, and more generally, from contempt damages in other contexts, is also misplaced, See, e.g., Graham v. United States (In re Graham), 981 F.2d 1135 (10th Cir. 1992) (11 U.S.C. section 105 does not *79 authorize monetary sanctions against the Government); United States v. Horn, 29 F.3d 754 (1st Cir. 1994) (sovereign immunity barred sanctions against Government for prosecutorial misconduct). The cases cited predate the Bankruptcy Reform Act of 1994, supra, with the amendments to section 106 discussed above. The amended provisions of section 106, explicitly waive sovereign immunity for section 105. See 11 U.S.C. section 106(a)(1) ( section 105 included in list of Code provisions where sovereign immunity abrogated). A remedy for violation of the discharge injunction exists within existing bankruptcy law, enforceable against the federal government, such that section 106(a)(5) does not provide a safe haven for the IRS' claims of sovereign immunity.
*80 Count II of the complaint alleges a violation of the section 362(a) automatic stay against acts to collect or enforce a pre- petition debt. See 11 U.S.C. section 362(a)(6). Liberally construing the complaint in favor of plaintiffs with all allegations taken as admitted, Jenkins, supra, the claim of a stay violation must be allowed to go forward as facts may be proven to establish a stay violation by the IRS after March 7, 1995, the date the order was entered reopening the case.
It is hereby ORDERED that the IRS' Motion to Dismiss plaintiffs' complaint is DENIED. Footnotes
1. 11 U.S.C. section 524, provides in relevant part: (a) A discharge in a case under this title -- (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328↩ of this title, whether or not discharge of such debt is waived; (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; . . . .
2. Section 523(c)↩ reads in pertinent part: (1) . . . the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15) as the case may be, of subsection (a) of this section.
3. FRBP 4007(c) provides: A complaint to determine the dischargeability of any debt pursuant to section 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to section 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002↩. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired. 4. 11 U.S.C. section 105↩ provides: (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.