**In re Danny Coleman THOMPSON and Wanda Jean Thompson, Debtors.**

**Bankruptcy No. 94–11378–8G3.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 30, 1996.

8

Danny and Wanda Thompson, Lakeland, FL, debtor.

Thomas Joel Chawk, Lakeland, FL, debtor's attorney.

Mary Apostolakos Hervey, Washington, DC, claimant's attorney.

Terry E. Smith, Bradenton, FL, trustee.

## ORDER ON OBJECTION TO CLAIM

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came before the Court for a final evidentiary hearing on the Objection to Claim Number 3 of the Internal Revenue Service filed by the Debtors, Danny Coleman Thompson and Wanda Jean Thompson. Claim Number 3 was filed by the Internal Revenue Service (the IRS) in the amount of $21,419.59, and is based on the Debtors' income tax liability for the tax year ending on December 31, 1981. The Debtors contend that the liabilities asserted by the IRS in its Proof of Claim were discharged in a prior Chapter 7 case commenced by them in 1993. Consequently, the Debtors contend that the claim is no longer an enforceable obligation.

The IRS responded to the Objection, and asserted that the liabilities were not discharged in the Debtors' prior Chapter 7 case because (1) no adversary proceeding was commenced in the prior case to obtain a determination of dischargeability; (2) the Debtors did not file a 1981 tax return within the meaning of the Internal Revenue Code, with the result that the taxes were not dischargeable pursuant to the exception to discharge contained in Section 523(a)(1)(B)(i) of the Bankruptcy Code; or (3) alternatively, the Debtors made a fraudulent return or willfully attempted to evade or defeat their 1981 taxes, with the result that the taxes were not dischargeable pursuant to the exception to discharge contained in Section 523(a)(1)(C) of the Bankruptcy Code.

On or about December 15, 1982, the Debtor, Danny C. Thompson, signed a Form 1040 Individual Income Tax Return for the tax year ending on December 31, 1981. The Debtor listed his filing status as "married filing separate return," and listed his occupation as a "worker." On line 7 of the return, the Debtor stated that the amount of his wages and salary was zero, and on line 21 of the return he stated that his total income in 1981 was zero. The Debtor attached four W–2 Forms to the return reflecting employment by three separate employers during 1981. Each W–2 Form was stamped "incorrect" on its face. On line 55 of the return,

the Debtor stated that federal income tax was withheld from him in 1981 in the amount of $572.98, and on line 63 of the return he stated that $572.98 was the amount of the refund to which he was entitled.

The Debtor states that his 1981 tax return was prepared by a member of the Keystone Society, a "tax protestor" organization with which the Debtor was associated at the time. According to the Debtor, the Society prepared the return and stamped the W-2s, and the Debtor relied on the Society's preparation and advice and signed the form.

The IRS deemed the return to be frivolous. Accordingly, the IRS prepared and filed a Substitute for Return on the Debtor's behalf pursuant to Section 6020(b) of the Internal Revenue Code, and assessed a frivolous return penalty and a fraud penalty against the Debtor. According to the Proof of Claim filed by the IRS, the taxes were assessed on November 26, 1984.

For years prior to 1981, the Debtor had filed Federal income tax returns that reported his wages as income.

The Debtors filed a case under Chapter 7 of the Bankruptcy Code on September 21, 1993, and scheduled the IRS as a creditor in the case. The case was administered as a "no asset" case, and the Debtors received their discharge on January 11, 1994. No adversary proceeding was commenced in the Chapter 7 case to determine the dischargeability of the tax liability claimed by the IRS.

On November 22, 1994, the Debtors filed their petition under Chapter 13 of the Bankruptcy Code. The Debtors listed the IRS as an unsecured priority creditor holding a claim that is disputed for the reason that it was "discharged in Chapter 7."

The IRS filed its Proof of Claim on March 20, 1995, in the total amount of $21,419.59. Of the total amount, the sum of $6,386.90 is based on taxes and penalties assessed for 1981 and is filed as a secured claim. The balance, or $15,032.69, is identified as interest accrued on the tax to the date of the chapter 13 petition and is filed as a general unsecured claim.

## Bankruptcy Proceedings

Section 727 of the Bankruptcy Code provides that a debtor in a chapter 7 case shall receive a discharge from all of his debts which arose before the date of the order for relief, unless one of the specified conditions set forth in that section is present. In his prior chapter 7 case, the Debtor received a general discharge from his debts.

Section 523 of the Bankruptcy Code contains exceptions to the general discharge of § 727 with respect to particular debts. Section 523(a) sets forth several categories of debts which are excepted from the discharge. Section 523(a)(1) lists certain tax liabilities that are not dischargeable, including taxes for which no return was filed, and taxes for which a debtor made a fraudulent return or willfully attempted in any manner to evade or defeat.

Section 523(c) of the Bankruptcy Code provides that a debtor is discharged from a debt of a kind specified in §§ 523(a)(2), (4), (6), or (15) unless, on request of the creditor to whom such debt is owed, the court determines such debt to be excepted from discharge. Rule 4007(c) of the Federal Rules of Bankruptcy Procedure provides that a complaint to determine the dischargeability of a debt pursuant to § 523(c) shall be filed not later than 60 days following the first date set for the meeting of creditors pursuant to § 341(a). The debt at issue in this case is not a debt of a kind specified in sections 523(a)(2), (4), (6), or (15), and therefore the creditor was not required to request a determination in the prior chapter 7 case that such debt was excepted from discharge.

Rule 4007(b) provides that a complaint to obtain a determination of the dischargeability of a debt other than under § 523(c) may be filed at any time, and that a case may be reopened without an additional filing fee for the purpose of filing such a complaint. Rule 4007(a) provides that either the debtor or the creditor may seek a determination of dischargeability.

In this case, the Debtors contend that the 1981 tax liability was discharged in their prior chapter 7 case. The IRS contends, however, that the Debtors did not obtain a

court determination that the tax was dischargeable in their chapter 7 case, and further contends that its tax claim was excepted from the Debtors' discharge pursuant to Section 523(a)(1), without action on its part, unless the Debtors obtained such a court determination.

No determination has been made that the debt was discharged in the prior Chapter 7 case.

■ A tax of the kind specified in Section 523(a)(1) of the Bankruptcy Code is not discharged in a chapter 7 case, and continues to be an enforceable obligation after the entry of the debtor's discharge, unless there is an express determination that the tax is dischargeable.

*In re Ellsworth,* 158 B.R. 856 (M.D.Fla. 1993) is directly on point. In *Ellsworth,* the debtors had willfully failed to file tax returns for 1978 and 1979, and subsequently filed a chapter 7 petition on August 27, 1991. After the debtors received their discharge, the IRS commenced certain collection activities to recover the taxes, and the debtors moved for sanctions in the Bankruptcy Court on the basis that the IRS had violated the permanent injunction contained in the discharge. The District Court found that taxes which fall within the provisions of Section 523(a)(1) are not automatically discharged in chapter 7 cases. The Court stated:

> Section 523(a) lists certain tax liabilities which are considered nondischargeable. Among these are debts for a tax "with respect to which the debtor made a fraudulent tax return or willfully attempted in any manner to evade or defeat such tax." § 523(a)(1)(C). There are no limitations on the nondischargeable status of these types of liabilities within the language of the paragraph or in any other provision of Section 523.... Thus, a tax liability based on a fraudulent return or willful evasion of the tax, as in Appellee's case, is nondischargeable. Since the debt in this

case is nondischargeable, no further action is necessary by the creditor....

> Although Section 523(a) excepts certain debts from discharge in bankruptcy automatically, other debts require further action to be excepted from discharge. Thus, while the language of Section 523(a)(1)(C) sufficiently addresses the present issue, it is useful to contrast the debts under 523(a)(2), (4), and (6). Pursuant to 523(c)(1), in order for debts to be excepted under Section 523(a)(2), (4), and (6), a creditor must file a complaint seeking determination of nondischargeability in the Bankruptcy Court. Failure to do so automatically discharges the debt.... As to Section 523(a)(1), and the other provisions under 523(a), "there is no automatic discharge of the debt upon failure of the creditor to file an adversary proceeding in the bankruptcy court." ... If there is a challenge to the nondischargeability of the tax liability, it must come from the debtor, "since tax liabilities covered by Section 523(a)(1) comprise a claim or debt of a kind which would not otherwise be discharged pursuant to Section 523(c) in the event that the creditor failed to take timely action." ... The law is clear that failure to file a complaint for debts protected from discharge under Section 523(a)(1) does not affect the dischargeability or nondischargeability of the debt.

*In re Ellsworth,* 158 B.R. at 858.

Consequently, a liability based on a tax for which no return was filed or for which the debtor made a fraudulent return, or a liability based on a tax which the debtor willfully attempted to evade or defeat, is not discharged by a discharge under § 727.

Therefore, if the tax liability asserted by the IRS satisfies the conditions set forth in Section 523(a)(1), it is not protected by the discharge received by the Debtors in their prior case.[1]

---

1. Rather than reopen the prior case and litigate the dischargeability issues in an adversary proceeding, the parties presented evidence relating to the dischargeability issues at the hearing on the objection to claim in this case. Additionally,

Fed.R.Bankr.P. 3007 provides that an objection to a claim which is joined with a demand for relief of the kind specified in Rule 7001 (such as the determination of the dischargeability of a debt) becomes an adversary proceeding.

## Section 523(a)(1)(B)(i)

■ The IRS contends that the Debtors failed to file a 1981 tax return, and that the tax liability for that year therefore is nondischargeable pursuant to Section 523(a)(1)(B)(i). Section 523(a)(1)(B)(i) of the Bankruptcy Code provides:

### § 523. Exceptions to Discharge

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

.    .    .    .    .

(B) with respect to which a return, if required—

(i) was not filed.

Section 6011 of Title 28, which sets forth the general requirement for filing a tax return, provides that every person who is required to make a return or statement pursuant to a form or regulation "shall include therein the information required by such forms or regulations." The IRS asserts that the 1981 Form 1040 submitted by the Debtor in this case was not a "return" for purposes of the Internal Revenue Code or the dischargeability provisions of the Bankruptcy Code.

The IRS relies on a decision of the Tax Court in *Carl Robert Tucker v. Commissioner*, T.C.Memo 1985–358, 1985 WL 14981, which arose from a factual situation similar to the situation under consideration. In *Tucker*, the taxpayer had been a member of the Keystone Society in Plant City, Florida, in 1982, and had submitted a Form 1040 for 1981 which stated that he had received no income for that year, and which also attached six W–2 forms stamped "incorrect." The Tax Court held that "the documents that he submitted for 1981 clearly did not constitute returns within the meaning of section 6011 and the regulations thereunder."

Other cases have also reached the conclusion under varying circumstances that a particular document does not constitute a tax return. In *In re Slater*, 96 B.R. 867 (Bankr. C.D.Ill.1989), a taxpayer had filed a Form 1040 which contained only the taxpayer's name and address, his wife's social security number, and certain constitutional objections. In an action to determine the dischargeability of the tax liability, the Bankruptcy Court found that the document was not a lawful income tax return. Additionally, in *In re Arenson*, 134 B.R. 934, affirmed *Arenson v. U.S. Through Internal Revenue Service*, 145 B.R. 310 (D.Neb.1992), the Bankruptcy Court concluded that amended returns filed by a taxpayer were not "returns" for purposes of Section 523(a)(1)(B)(i) of the Bankruptcy Code, where the returns were filed after an assessment by the IRS and where the taxpayer asserted in the returns "that he in fact had no tax liabilities for the years at issue."

■ To constitute a filed return within the meaning of section 523(a)(1)(B)(i), "a return must be final, and it must provide the Internal Revenue Service with all necessary information to compute the taxes due." *In re Berard*, 181 B.R. 653, 655 (Bankr.M.D.Fla. 1995) citing *Germantown Trust Co. v. Comm'r*, 309 U.S. 304, 60 S.Ct. 566, 84 L.Ed. 770 (1940).

In this case, the Court concludes that the 1981 Form 1040 filed by the Debtor was not a tax return for purposes of section 523(a)(1)(B)(i). The Debtor in this case stated on the Form 1040 for 1981 that his gross income and taxable income were zero in that year, and attached W–2 Forms that were stamped "incorrect." The Form was not intended to, and did not, provide the IRS with the information necessary to calculate the Debtor's taxes. Claim Number 3 filed by the IRS is based on a debt for a tax with respect to which a return was not filed. Accordingly, as provided by section 523(a)(1)(B)(i) of the Bankruptcy Code, the debt was not discharged by the Debtors' prior Chapter 7 case.

## Section 523(a)(1)(C)

■ The IRS next contends that, even if the Form 1040 filed by the Debtor was a "return" within the meaning of the dischargeability provisions, the Form was a fraudulent return or a willful attempt to evade or defeat the tax. Consequently, the IRS asserts that the tax is nondischargeable

pursuant to Section 523(a)(1)(C) of the Bankruptcy Code. Section 523(a)(1)(C) provides:

### § 523. Exceptions to Discharge

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

.    .    .    .    .

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

To establish a claim under this section, the IRS must show that the debtor acted with the specific intent to evade a tax believed to be due. If a return was filed, the IRS must show (1) knowledge of the falsity of the return; (2) an intent to evade the taxes; and (3) an underpayment of the tax. *In re Williams*, 164 B.R. 352, 354 (Bankr. M.D.Fla.1994). The primary issue in cases under Section 523(a)(1)(C) is "whether the debtor underpaid his taxes, knew that his tax returns were false and intended to evade his taxes." *Rivers v. U.S. By and Through I.R.S.*, 178 B.R. 9, 11–12 (S.D.Ala.1994). In determining whether a return was fraudulently filed, courts often look to the totality of the circumstances, since direct evidence of fraud is rarely available. "Factors indicating fraud include whether the debtor significantly understated his income, failed to file tax returns, filed tax returns late, failed to keep adequate records of income and failed to cooperate with the IRS." *Rivers*, 178 B.R. at 12.

In this case, the Debtor signed his 1981 Form 1040. He knew that he had been employed in 1981 and that he had received wages in that year, but he signed the Form containing the specific representation that his wages and income in 1981 were "zero." The W–2s which he submitted with the Form had "incorrect" stamped across them. Further, he requested a refund of amounts which had been withheld from his wages.

Under these circumstances, the Court concludes that the Debtor intended to make a fraudulent return. If the Form 1040 were considered a return under section 523(a)(1),

it would be a fraudulent return. In this case, for the purposes of section 523(A)(1)(C) of the Bankruptcy Code, by submitting the documents described above as his 1981 return the Debtor willfully attempted to evade or defeat his income tax for 1981. Consequently, as provided by section 523(a)(1)(C), the tax was not discharged by the Debtors' prior Chapter 7 case.

### Conclusion

The Debtors' 1981 taxes were not discharged in their prior chapter 7 case, and therefore survived the discharge received by them in that case. The IRS filed a proof of claim for the taxes in the Debtors' current chapter 13 case. Because the taxes were not previously discharged, the Debtors' objection to the claim on that basis cannot be sustained.

Accordingly:

**IT IS ORDERED** that the Objection to Claim Number 3 of the Internal Revenue Service filed by the Debtors, Danny Coleman Thompson and Wanda Jean Thompson, is overruled.